UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:       Gerald R. Galleshaw       :
                    Debtor             :
                                       :
DAVID C. FRAIOLI and NEW               :
ENGLAND AUTO CENTER, INC.              :
             Plaintiffs                :    CASE NO: 15-11047
                                       :
      V.                               :
                                       :    CHAPTER 7
                                       :
GERALD R. GALLESHAW,                   :    ADV. PRO. NO.: 14-
             Defendant                 :

## COMPLAINT TO DETERMINE THE DISCHARGEABILITY
## OF A DEBT UNDER §523

### *Introduction*

Plaintiff, David C. Fraoli ("Mr. Fraoli") and New England Auto Center, Inc. ("NEAC"), (Mr. Fraoli and NEAC may hereinafter collectively be referred to as "Plaintiff"), brings this instant complaint as an adversary proceeding against Defendant, Gerald R. Galleshaw (hereinafter referred to as "Defendant") pursuant to Fed.R.Bankr.P 7001, and objects to the discharge of any and all of Defendant's debt that is owed to Plaintiff. Plaintiff seeks a judgment of this Court that said debt is nondischargeable due to the fraud and embezzlement of Defendant and, Plaintiff seeks relief in this proceeding to recover money, damages, attorney fees and costs from Defendant.

### *Parties*

1. Plaintiff, Mr. Fraoli is a domiciled resident and inhabitant of the Town of North Providence, Rhode Island.

2. Plaintiff, NEAC is a duly organized and existing corporation pursuant to the laws of the State of Rhode Island, having its principal place of business located in the Town of North Providence, Rhode Island.

3. Upon information and belief, Defendant, Galleshaw, is an individual domiciled in the State of Rhode Island and resides at 60 Jane Street, North Providence, Rhode Island;

4. Galleshaw filed a petition with this Court for relief under Chapter 7 of the United States Bankruptcy Code on or about May 18, 2015;

### *Jurisdiction*

5. This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §523;

6. This Honorable Court has jurisdiction to adjudicate the within claims pursuant to 11 U.S.C. § 105 and § 523;

### *General Allegations*

7. Upon information and belief, Fraoli owns fifty-one percent (51%) of the outstanding shares of NEAC, and Galleshaw owns forty-nine percent (49%) of the outstanding shares of NEAC;

8. At all times relevant hereto, Mr. Fraoli and Mr. Galleshaw were officers and employees of NECA, and received, pursuant to the By-Laws (the "By-Laws") compensation as officers and employees;

9. The By-Laws provides the officers, to wit, Mr. Fraoli and Mr. Galleshaw, the authority to manage the business and affairs of NECA; the authority to remove employees or agents; and the authority to fix the officers, employees and/or agents' compensation;

10. On or about March 2, 2006, pursuant to his authority under the By-Laws, Mr. Fraoli terminated Mr. Galleshaw's employment at NECA as a result of certain actions and/or misconduct of certain of NEAC's assets without the requisite corporate authority to do so, as well as for making certain disbursements or expenditures from corporate funds, which said payments related solely to Mr. Galleshaw's personal expenses and/or were used for Mr. Galleshaw's personal benefit or gain;

11.     On or about October 30, 2006, Plaintiff filed a civil action in the Providence Superior Court, C.A. No. 2006-5694, for Declaratory Judgment & Injunctive Relief, Breach of Fiduciary Duty, and Accounting.

12.     Defendant was duly served with the Complaint and Summons on or about November 17, 2006;

13.     On or about December 14, 2006, Defendant filed a Third Party Complaint against 1063 Realty, Inc.

14.     Due to Defendant's failure to comply with a Subpoena Duces Tecum dated July 8, 2013 and numerous Court Orders relating to inter alia, Defendant's failure to provide to Plaintiff tax returns and certain credit card statement accounts, Defendant is in contempt of court relative to the Superior Court matter;

15.     On or about May 20, 2015, Plaintiff's Motion for Entry of Judgment was scheduled to be heard before the Providence County Superior Court;

16.     On or about May 18, 2015, Defendant filed for relief under Chapter 7 of the US Bankruptcy Code:

17.     As of the date of Defendant's bankruptcy petition, the Superior Court matter was and is still pending before the Providence County Court;

18.     Defendant misappropriated and embezzled funds of NEAC while Defendant was acting in his a fiduciary capacity and using said funds for his own personal gain resulting in actual fraud;

19.     Defendant, because of his actions, is liable to Plaintiff for the monies taken from NEAC.

## COUNT I

*(Against Defendant for Fraud while acting in Fiduciary Capacity)*

20.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 19 of the Complaint as if fully set forth herein;

21.     Defendant, at all times relevant herein, was a shareholder, officer and employee of NEAC;

22.     As a shareholder of NEAC, Plaintiff owed a fiduciary duty to act all times with the utmost care, honestly, undivided loyalty and fidelity in all his business dealings;

23. Plaintiff breached his fiduciary duty by the acts of embezzlement and misappropriation of funds belonging to NEAC and using them for his own personal benefits;

24. The conduct of Defendant constitutes conduct akin to criminality and was willful, wanton and reckless;

25. As of the date herein, Defendant has failed to pay back, in full, the monies appropriated from NEAC;

26. Plaintiff has been damaged by Defendant's appropriation of funds from NEAC and failing to repay said funds;

## COUNT I

### *(Against Defendant for Embezzlement)*

27. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 26 of the Complaint as if fully set forth herein;

28. Defendant, at all times relevant herein, was a shareholder, officer and employee of NEAC;

29. On numerous occasions, Defendant, without the requisite corporate authority to do so, made certain disbursements or expenditures from corporate funds, which said payments related solely to Defendant's personal expenses and/or were used for Defendant's personal benefit or gain;

30. Defendant made certain disbursements or expenditures from corporate funds, knowing that said monies were in fact corporate funds and Defendant was not granted authority to do so;

31. The conduct of Defendant constitutes conduct akin to criminality and was willful, wanton and reckless;

32. As of the date herein, Defendant has failed to pay back, in full, the monies appropriated from NEAC;

33. Plaintiff has been damaged by Defendant's appropriation of funds from NEAC and failing to repay said funds.

WHEREFORE, Plaintiff seeks a judgment from this Court ordering as follows:

a.  That by his actions, Defendant committed a fraud while acting in a fiduciary capacity that prevents the discharge of his debt to Plaintiff pursuant to § 523 of the Bankruptcy Code; and

b.  That by his actions, Defendant embezzled corporate funds that prevents the discharge of his debt to Plaintiff pursuant to § 523 of the Bankruptcy Code;

c.  that Defendant is liable to Plaintiff in the amount of funds that Defendant misappropriated from NEAC;  and

d.  an award of reasonable attorney's fees, costs, interest, and other expenses incurred in bringing this action; and

e.  such other relief as this Court deems appropriate and just.

Respectfully Submitted,
DAVID C. FRAOLI & NEW ENGLAND
AUTO CENTER, INC.,
By his attorney,

/s/Ryanna T. Capalbo, Esq.
Ryanna T. Capalbo, Esq. (#8314)
Bilodeau Carden, LLC
51 Jefferson Boulevard, Suite 2
Warwick, RI 02888
Tel:  (401) 461-7700
Fax:  (401) 633-7511
rcapalbo@bilodeaucarden.com

Dated:   August 13, 2015