UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:  Gerald R. Galleshaw
    Debtor

| | | |
|---|---|---|
| DAVID C. FRAIOLI and NEW | : | |
| ENGLAND AUTO CENTER, INC. | : | |
|   Plaintiffs | : | C.A. NO. 15-11047 |
| | : | |
| V. | : | Chapter 7 |
| | : | |
| GERALD R. GALLESHAW | : | ADV. PRO. NO.: 15-01023 |
|   Defendant Debtor | : | |

### DEFENDANT DEBTOR'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

### Answer

Now comes the Defendant Debtor, Gerald R. Galleshaw, by and through his attorney, and hereby answers the First Amended Complaint as follows:

### Parties

1. Admitted
2. Admitted
3. Admitted
4. Admitted

### Jurisdiction

5. Neither admitted nor denied as this paragraph makes legal assertions, otherwise denied.
6. Neither admitted nor denied as this paragraph makes legal assertions, otherwise denied.

### General Allegations

7. Admitted.
8. Admitted.

9. Denied. The bylaws speak for themselves.

10. Denied.

11. Admitted

12. Neither admitted nor denied, Defendant Debtor leaves Plaintiff to prove.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

## Count I

21. Defendant Debtor hereby incorporates his above responses as if fully set herein.

22. Allegations call for legal conclusions and are improper. Otherwise denied.

23. Allegations call for legal conclusions and are improper. Otherwise denied.

24. Allegations call for legal conclusions and are improper. Otherwise denied.

25. Allegations call for legal conclusions and are improper. Otherwise denied.

26. Allegations call for legal conclusions and are improper. Otherwise denied.

27. Allegations call for legal conclusions and are improper. Otherwise denied.

28. Denied

## Count II

29. Defendant Debtor hereby incorporates his above responses as if fully set herein.

30. Allegations call for legal conclusions and are improper.  Otherwise denied.

31. Allegations call for legal conclusions and are improper.  Otherwise denied.

32. Allegations call for legal conclusions and are improper.  Otherwise denied.

33. Allegations call for legal conclusions and are improper.  Otherwise denied.

34. Denied

35. Denied.

WHEREFORE, Defendant Debtor hereby requests this honorable court deny and dismiss Plaintiffs claims for relief with prejudice, enter judgment in favor of the Defendant Debtor, award reasonable attorney fees to Defendant Debtor and further relief as it deems appropriate.

## Affirmative Defenses

1. Plaintiffs' First Amended Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs have failed to join an indispensible party.

3. Plaintiffs' complaint is barred by the doctrine of estoppels

4. Defendant Debtor asserts the affirmative defense of laches.

5. Plaintiffs' complaint is barred by the doctrine of waiver.

6. Plaintiffs complaint is barred by unclean hands.

7. Defendant Debtor pleads failure of consideration as an affirmative defense

8. Defendant Debtor pleads injury by a fellow servant as an affirmative defense

9. Defendant Debtor pleads license as an affirmative defense

10. Defendant Debtor pleads payment as an affirmative defense.

## COUNTERCLAIM

1. Plaintiff David C. Fraioli and Defendant Debtor Gerald R. Galleshaw are shareholders of Plaintiff New England Auto Center, Inc.  (hereinafter "NEAC").

2. Until March 2, 2006, Fraioli and Galleshaw were both offifcers and employees of NEAC.

3. Plaintiff NEAC is a closely held corporation pursuant to the provisions, among others, of RIGL secs. 7-1.2-813 and 7-1.2-1701.

4. Article III, section 1 of the NEAC corporate by-laws does not grant the President the authority to fire employees of NEAC.

5. Article II, section 1 of the NEAC corporate by-laws provides that Officers of the NEAC corporation can only be removed by the shareholders of NEAX at any duly convened meeting of shareholders of NEAC.

6. No meeting of the NEAC shareholders was ever noticed or convened for the purpose of removing any Officer or employees of the NEAC corporation.

7. Pursuant to RIGL sec 7-1.2-813 unless otherwise stated in the corporate by-laws, the shareholders retain the sole right to fire, discharge and/or terminate employees of the corporation.

8. The corporate by-laws of NEAC do not address the right to fire, discharge and/or terminate employees of the NEAC corporation.

9. NEAC has never held a duly constituted meeting of its shareholders of the corporation for the purpose of discharging Defendant Debtor as either and employee or as a corporate Officer.

10. Plaintiff Fraioli, at all times material hereto, has been without authority to fire, terminate and/or discharge and/or remove Defendant Debtor as an Officer of NEAC.

11. Plaintiff Fraioli, at all times material hereto, had been without authority to fire, terminate, discharge and/or remove Defendant Debtor as an Officer of NEAC.

12. Plaintiff NEAC at all times material hereto has failed to take the proper steps to fire, terminate and/or discharge Defendant Debtor as an employee of NEAC.

13. Plaintiff NEAC at all times material hereto has failed to take the proper steps to fire, terminate, discharge, and/or remove Defendant Debtor as an Officer of NEAC.

14. Plaintiffs have attempted to illegally fire, terminate and/or discharge Defendant Debtor as an employee of NEAC.

15. Plaintiffs have attempted to illegally fire, terminate and/or discharge Defendant Debtor as an Officer of NEAC.

16. Plaintiff Fraioli had unlawfully restricted Defendant Debtor's access to financial information and records of the NEAC corporation that he is entitles to see and review as an Officer (Treasurer) and/or as a Shareholder of NEAC.

17. Plaintiff Fraioli has unlawfully restricted Defendant Debtor's ability to manage the Plaintiff NEAC's business activities and affairs.

## Count I

## Breach of Contract

18. Defendant Debtor (and Plaintiff-in counterclaim) Galleshaw realleges Paragraphs 1-17 of his Counterclaim as if set forth in full herein.

19. Plaintiff Fraioli and Defendant Debtor have an agreement that in consideration of their share ownership interest in NEAC, their mutual and ongoing monetary investments in and to NEAC, and in recognition of their respective other contributions to NEAC until the lawful dissolution of business of NEAC.

20. Plaintiff Fraioli has breached this agreement with Defendant Debtor.

21. As a result of the breach by of this agreement by Plaintiff Fraioli, the Defendant Debtor Galleshaw has been damaged in an amount in excess of the Court's minimum jurisdictional limits.

WHEREFORE, Defendant Debtor Galleshaw as Plaintiff-in Counterclaim demands judgment against the Plaintiff Fraioli as Defendant Debtor –in Counterclaim, plus an award of compensatory damages, interests, costs, and attorneys fees, plus such other and further relief as the Court deems appropriate.

### Count II

### Tortious Interference with Advantageous Relationship

22. Defendant Debtor (and Plaintiff-in Counterclaim) Galleshaw realleges Paragraphs 1-21 of his Counterclaim as if set forth in full herein.

23. Plaintiff Fraioli has wrongfully interfered with Defendant Debtor Galleshaw's beneficial advantageous (business) relationship with NEAC.

24. Said interference by Fraioli had been intentional, knowing and willful.

25. As a result of the interference by Fraioli as Defendant Debtor-in Counterclaim has been damaged.

WHEREFORE, Defendant Debtor Galleshaw as Plaintiff-in Counterclaim demands judgment against the Plaintiff Fraioli as Defendant Debtor –in Counterclaim, plus an award of compensatory damages, interests, costs, and attorneys fees, plus such other and further relief as the Court deems appropriate.

### Count II

### Request for Mandatory Injunctive Relief

26. Defendant Debtor (Plaintiff –in Counterclaim) Galleshaw realleges Paragraphs 1-25 of his Counterclaim as if set forth in full herein.

27. Defendant Debtor Galleshaw has been wrongfully deprived of the meaningful opportunity to review the financial books and records of NEAC in spite of repeated request to do so in violation of RIGL sec. 7-1.2-1502.

WHEREFORE, Defendant Debtor Galleshaw as Plaintiff-in Counterclaim demands judgment against the Plaintiffs and Defendant Debtors –in Counterclaim Fraioli and NEAC, and requests that the Court order Fraioli and NEAC to provide Galleshaw access to any and all NEAC financial records and supporting documentation in either their possession or in the possession of their employees, agents, and/or assigns, and further that said Fraioli and NEAC be directed to grant access and cooperation to Defendant Debtor Galleshaw and/or to his representative, accountants and/or agents to conduct a financial audit of the NEAC corporation.

## Count IV

## Demand for Accounting

28. Defendant Debtor and Plaintiff –in Counterclaim Galleshaw realleges Paragraphs 1-27 of his Counterclaim as if set forth in full herein.

WHEREFORE, Defendant Debtor and Plaintiff- in –Counterclaim Galleshaw requests that the Court Order and direct a rendering of an accounting for the period of January 1, 2005 to the present and continuing, plus award of costs, interest and attorney fees to Defendant Debtor

and Plaintiff-in-Counterclaim Galleshaw, plus award such other and further relief as the Court deems appropriate.

## Count V

## Breach of Fiduciary Duties and Oppression of Minority Shareholder's Rights

29. Defendant Debtor and Plaintiff-in Counterclaim Galleshaw re-alleges Paragraphs 1-28 of his Counterclaim as if set forth in full.

30. Plaintiff (and Defendant Debtor-in Counterclaim) Fraioli, as President and majority shareholder in NEAC, owes a fiduciary duty to Defendant Debtor (and Plaintiff –in Counterclaim) Galleshaw as a fellow Shareholder of NEAC, a closely held corporation under Rhode Island law.

31. Plaintiff (and Defendant Debtor-in Counterclaim) Fraioli has engages in a pattern of conduct which has prevented Defendant Debtor (and Plaintiff-in Counterclaim) Galleshaw from participating as an Officer of NEAC in the day to day operations of NEAC, and from realizing his reasonable expectations as a minority shareholder in NEAC.

32. Plaintiff (and Defendant Debtor-in Counterclaim) Fraioli's conduct as the majority shareholder in NEAC has alienated and frozen out the Defendant Debtor (and Plaintiff – in Counterclaim) Galleshaw from NEAC in violation of his fiduciary responsibilities reasonably owed to Galleshaw.

33. Fraioli has oppressed Galleshaw and his (Galleshaw's) minority ownership rights in NEAC, as well as Galleshaw's reasonable expectations as a minority shareholder of NEAC.

34. Fraioli caused Galleshaw to be terminated from his employment from NEAC without adequate cause.

35. Fraioli's conduct in illegally depriving Galleshaw of meaningful access to NEAC financial records is a further violation of his fiduciary duty and corporate duties owed to Galleshaw.

36. Fraioli's and NEAC's conduct in unlawfully depriving Galleshaw of the financial benefits derives as an owner, employee and/or Officer of NEAC has resulted in damages to Galleshaw.

WHEREFORE, Defendant Debtor and Plaintiff-in Counterclaim Galleshaw requests that the Court order:

A. Fraioli and NEAC to allow Galleshaw or his representative access to any and all financial records and supporting documentation in their respective possession or in the possession of their employees, agents representatives and/or assigns;

B. Fraioli and NEAC to cooperate in allowing Galleshaw by and through his representatives to conduct a financial audit of NEAC;

C. That judgment be entered against Fraioli and NEAC and that compensatory and punitive damages be awarded to Galleshaw along with interest, costs and reasonable attorneys fees; and

D. That the Court award such other and further relief as it deems appropriate.

## Count VI

## Demand for Reimbursements for Corporate Expenses and Obligations

37. Defendant Debtor and Plaintiff-in Counterclaim Galleshaw realleges Paragraphs 1-36 of his counterclaim as if set forth in full herein.

38. Galleshaw, at various times material to this dispute, made substantial and significant payments out of his personal funds on Behalf of NEAC and its lawful business interests.

39. The monetary advances made by Galleshaw on behalf of NEAC and its lawful business interests were made in good faith and with the reasonable expectation that he would be fully reimbursed by NEAC and/or by Fraioli.

40. Galleshaw made demand for reimbursement of these advances.

41. NEAC and Fraioli have refused Galleshaw's demand for reimbursement of these advances.

42. Plaintiff and Defendant Debtor-in-Counterclaim Fraioli has personal liability for all advances and/or other payments made by Galleshaw on behalf of Plaintiff NEAC.

43. As a result of the refusal of the Plaintiffs and Defendant Debtors-in Counterclaim to reimburse Galleshaw for these advances and/or other payments made on behalf of NEAC, Galleshaw has been damages

WHEREFORE, Defendant Debtor and Plaintiff- in –Counterclaim Galleshaw requests that the Court enter Judgment in his favor against the Plaintiffs and Defendant Debtors-in Counterclaim that it award him reimbursement of the advances and payments made on behalf of NEAC, and that it award him his costs, interest and reasonable attorney fees to Defendant Debtor and Plaintiff-in-Counterclaim Galleshaw, plus such other and further relief as the Court deems appropriate.
.

## Count VII

### Request for Additional Equitable Relief

44. Defendant Debtor and Plaintiff in Counterclaim Galleshaw incorporates Paragraphs 1-43 of his Counterclaim as if set forth in full herein.

45. The actions of Plaintiffs and Defendant Debtors-in –Counterclaim, and each of them, as set forth above, constitute acts that are illegal, oppressive and/or fraudulent within the meaning of RIGL sec 7-1.2-1314.

46. The appointment of a special master to oversee the Corporation (NEAC) would be beneficial under the circumstances described herein.

WHEREFORE, Defendant Debtor and Plaintiff –in -Counterclaim Galleshaw requests that the Court:

A. Appoint a special master to investigate the conduct of the Plaintiffs and Defendant Debtors-in- Counterclaim and each of them as well as the conduct of Defendant Debtor and Plaintiff-in-Counterclaim and make recommendations to the Court;

B. That the Court appoint a special master to oversee the operation of NEAC and prepare a financial report to the Court detailing the parties' respective financial activities pertaining to NEAC; and

C. That the Court award Galleshaw his costs and attorneys fess and provide such other and further relief as it deems appropriate.

## Count VIII

### Prayer for Declaratory Judgment and Other Equitable Relief

47. Defendant Debtor and Plaintiff-in Counterclaim Galleshaw incorporates paragraphs 1-46 of his Counterclaim as if set forth in full herein.

48. The Court has jurisdiction to afford the parties Declaratory Judgment and relief pursuant to RIGL sec. 9-30-1 *et.seq.*

49. In their complaint, the Plaintiffs failed to join as a party and interested and indispensable party to this action, i.e. 1063 Realty, Inc.

50. 1063 Realty, Inc. is a Rhode Island Corporation and the owner of the real property and improvement s thereon upon which NEAC operates its business.

51. Galleshaw and Fraioli are each fifty percent shareholders and owners of 1063 Realty, Inc.

52. Fraioli has wrongfully denied Galleshaw access to the real property owned by 1063 Realty, Inc.

53. The business of 1063 Realty, Inc. is inexorably intertwined with the business of NEAS, and with the rights and interests of Galleshaw and Fraioli which are in dispute in the instant action.

54. Galleshaw is in the process of filing a third Party Complaint pursuant to the Rhode Island Rules of Civil Procedure to join 1063 Realty, Inc. to this action as an interested party within the meaning of RIGL sec. 9-30-11.

55. Upon the filing of said Third Party Complaint, the Court will be in a position to declare the respective rights, status, obligations and other legal relations among and between the parties to this action as then constituted.

WHEREFORE, THE Defendant Debtor and Plaintiff-in Counterclaim respectfully requests the Court to enter judgment under RIGL sec. 9-30-1 *et.seq.* declaring the respective rights, status , obligations and other legal relations among and between the parties to this action,

including the third party Defendant Debtor 1063 Realty, Inc. plus an award of costs and

reasonable attorneys fee to the Defendant Debtor and Plaintiff-in Counterclaim, Galleshaw, and

that it afford such other and further relief as it deems appropriate.

**DEFENDANT DEBTOR AND PLAINTIFF-IN –COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THE COUNTERCLAIM SO TRIABLE.**

Respectfully submitted,
Debtor, Gerald Galleshaw,
By his Attorney,

/s/ Todd S. Dion_____
Todd S. Dion Esq.
1599 Smith Street
North Providence, RI 02911
401-965-4131 Phone
401-353-1231 Fax
toddsdion@msn.com