UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:  Gerald R. Galleshaw
    Debtor
_____

| | | |
|---|---|---|
| **DAVID C. FRAIOLI and NEW** | : | |
| **ENGLAND AUTO CENTER, INC.** | : | |
|   Plaintiffs | : | C.A. NO. 15-11047 |
| | : | |
| V. | : | Chapter 7 |
| | : | |
| **GERALD R. GALLESHAW** | : | ADV. PRO. NO.: 15-01023 |
|   Defendant Debtor | : | |

_____

**DEBTOR'S MOTION TO DISMISS ADVERSARY COMPLAINT FILED BY
DAVID C. FRAIOLI AND NEW ENGLAND AUTO CENTER, INC.**

  Now comes the Debtor, Gerald R. Galleshaw, by his Attorney, and hereby moves to dismiss the Adversary complaint filed by David C. Fraioli ("Fraioli") and New England Auto Center, Inc. ("NEAC").  In essence, the Debtor moves to Dismiss the Adversary Complaint because the Plaintiffs failed to include two indispensible parties, 1063 Realty, Inc. and 1063 Charles, LLC.  More specifically, as reasons therefore the Debtor states as follows:

**INTRODUCTION**

  On December 16, 2015 the Plaintiffs were granted leave to amend the complaint by December 31, 2015.  On December 18, 2015 the Plaintiffs' filed a Motion to Amend that was terminated as moot.  On January 5, 2016 an amended complaint was filed.  This response to the Plaintiffs' amended complaint is made under Rule 7015 of the Federal Rules of Bankruptcy Procedure, Fed. R. Civ. P. 12 (b)7, Fed. R. Civ. P. 19 and Fed. R. Civ. P 15 (a) (3) as it is made within 14 days of the filing of the amended complaint.  The

debtors sets forth the following facts, some of which were recently discovered subsequent to the filing of Debtors original answer.

1. In their complaint, the Plaintiffs failed to join as a party and interested and indispensable party to this action, i.e. 1063 Realty, Inc.

2. 1063 Realty, Inc. is a Rhode Island Corporation and the owner of the real property and improvement's thereon upon which NEAC operates its business.

3. Galleshaw and Fraioli are each fifty percent shareholders and owners of 1063 Realty, Inc.

4. Fraioli, as President and majority shareholder in 1063 Realty, Inc., owed a fiduciary duty to Defendant Debtor (and Plaintiff –in Counterclaim) Galleshaw as a fellow Shareholder of 1063 Realty, Inc., a closely held corporation under Rhode Island law.

5. Fraioli has engaged in a pattern of conduct which has prevented Defendant Debtor (and Plaintiff-in Counterclaim) Galleshaw from participating as an Officer of 1063 Realty, Inc. in the day to day operations of 1063 Realty, Inc, and from realizing his reasonable expectations as an equal shareholder in 1063 Realty, Inc.

6. Fraioli's conduct an equal shareholder in 1063 Realty, Inc. has alienated and frozen out the Defendant Debtor (and Plaintiff –in Counterclaim) Galleshaw from 1063 Realty, Inc. in violation of his fiduciary responsibilities reasonably owed to Galleshaw.

7. Fraioli has wrongfully denied Galleshaw access to the real property owned by 1063 Realty, Inc.

8. Fraioli has wrongfully denied Galleshaw meaningful access to 1063 Realty Inc.'s financial records is a further violation of his fiduciary duty and corporate duties owed to Galleshaw.

9. On March 27, 2002, 1063 Realty Inc. purchased property located at 1063 Charles Street, North Providence, RI 02904. The deed granting the property to 1063 Realty Inc. was recorded in Book 638 Page 99 of the Land Evidence Records of the Town of North Providence on March 29, 2002.

10. On March 27, 2002, 1063 Realty Inc. granted a Note and Mortgage on said Property to Citizens Bank of Rhode Island in the amount $157,500.00. The Mortgage was executed by Debtor Gerald R. Galleshaw as Vice President of 1063 Realty, Inc.

11. Based on information and belief, in 2012 Fraioli, as the only one with authority and access to the financial records and bank accounts associated with 1063 Realty, Inc. intentionally and willfully failed to pay said Mortgage on behalf of 1063 Realty, Inc.

12. On or about November 2012, RBS Citizens, N.A. began foreclosure proceedings against 1063 Realty, Inc.

13. Based on information and belief, on or about November 2012, Fraioli contacted and negotiated with RBS Citizens to personally take over the Mortgage despite Fraioli's failure to pay the Mortgage as President on behalf of 1063 Realty, Inc.

14. On November 14, 2012, an assignment of the Mortgage was recorded granting the Mortgage to David C. Fraioli from RBS Citizens, successor by merger of Citizens Bank of Massachusetts.

15. Based on information and belief, Fraioli, as the only one with authority and access to the financial records and bank accounts associated with 1063 Realty, Inc. intentionally and willfully failed to pay said Mortgage on behalf of 1063 Realty, Inc.

16. On or about October 24, 2013, Fraioli initiated foreclosure proceedings against 1063 Realty Inc. and conducted a foreclosure auction on said Property on January 7, 2014.

17. On April 9, 2015 a Foreclosure Deed dated April 1, 2015 was recorded in Book 2993 page 309 of the Land Evidence Records of the Town of North Providence granting the Property from Fraioli to 1063 Charles, LLC.

18. Based on information and belief 1063 Charles, LLC is a Rhode Island limited liability corporation in which the sole member Fraioli.

19. Based on information and belief, Fraioli intentionally, willfully and purposefully failed to pay the Mortgage on behalf of 1063 Realty, Inc. for the purpose of depriving Debtor Galleshaw's interest in the Property and diverting ownership of the Property to another entity in which Fraioli is the sole shareholder.

20. Based on information ad belief Fraioli, as the sole shareholder of 1063 Charles, LLC, is in the process of selling the subject Property at a significant profit to an undisclosed entity thereby depriving Debtor of the proceeds.

21. The business of 1063 Realty, Inc. is inexorably intertwined with the business of NEAS, and with the rights and interests of Galleshaw and Fraioli which are in dispute in the instant action.

22. Galleshaw is in the process of filing a third Party Complaint pursuant to the Rhode Island Rules of Civil Procedure to join 1063 Realty, Inc. and 1063 Charles LLC to this action as an interested parties within the meaning of RIGL sec. 9-30-11.

23. Upon the filing of said Third Party Complaint, the Court will be in a position to declare the respective rights, status, obligations and other legal relations among and between the parties to this action as then constituted.

## ARGUMENT

The sole legal issue here is whether 1063 Realty, Inc. and 1063 Charles, LLC are necessary parties, the absence of which warrants dismissal of the Adversary Complaint. As set forth in <u>In RE: Michael Acevedo REINOSO, Debtor. Michael Acevedo Reinoso, Plaintiff v. First Bank Puerto Rico, Defendant. Jose R. Carrion (Chapter 13 trustee) CASE NO. 13-04492 (ESL). ADV. PROC. NO 13-00167 (ESL). 525 B.R. 573 (2015 United States Bankruptcy Court, D. Puerto Rico.</u> January 27, 2015:

> The question of whether a party is indispensible is governed by Fed. R. Civ. P. 19. See *Hapag-Lloyd Container Linie, GmBh v. Luis A. Ayala Colon Sucrs*., Inc., 209 F.R.D. 285, 286 (D.P.R. 2002). "A motion to dismiss for failure to join an indispensible party is based on [Fed. R. Civ. P.] 12(b)(7)". OneBeacon Am. Ins. Co. v. Elwell, 2009 U.S. Dist LEXIS 117402 at *4, 2009 WL 4910056 at *1 (D. Maine 2009). Fed. R. Civ. P. 19 is applicable to bankruptcy adversary proceedings through Fed. R. Bankr. P. 7019 with certain limitations not applicable to this case2.

> In Jimenez v. Rodiruez-Pagan, 597 F.3d 18, 25 (1st Cir. 2010), the U.S. Court of Appeals for the First Circuit ("First Circuit") explained the purpose of Fed. R. Civ. P. 19 and provided the following instruction on how to apply it:

> Rule 19 is designated to protect the interest of parties who are not yet involved in ongoing litigation. To measure how critical those interests are, the rule instructs courts to engage in a two-part analysis. Parties should be joined, when feasible, if they are necessary to the action

5

according to the criteria laid out in Rule 19(a). If a necessary party cannot be joined in the action without divesting the court of subject-matter jurisdiction, Rule 19(b) lays out additional criteria for determining whether the party is indispensible. If the court finds that party is anything less than indispensible, the case proceeds without her. If, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

The First Circuit also explained upon the meaning of the term "necessary" under Fed. R. Civ. P. 19:

The term necessary is a vestige of a superseded version of Rule 19 and no longer appears in the text . . . . Lest there be any confusion, the word is used as a term of art and signifies desirability rather than actual necessity. Parties are not truly necessary in the vernacular sense of the word unless and until they satisfy the terms of Rule 19(b). Id. At 25, n. 3 (internal punctuation omitted).

"The term 'indispensible' has similarly been removed from the text of Rule 19, but courts still use it as shorthand for whether dismissal under Rule 19(b) is warranted. The critical question under Rule 19(b) – and thus the key to whether a party is 'indispensible' – is whether in equity and good conscience' the action may proceed in the party's absence." Axis Ins. Co. v. Hall, 287 F.R.D. 110, 113 (D. Maine 2012), quoting B, Fernandez & Hnos, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) and Fed. R. Civ. P. 19(b).

"Rather than being formalistic, the court's consideration of Rule 19(b) follows a pragmatic analysis of the particular circumstances of each case." Wright & Miller, federal Practice and Procedure Civil 3d 1359 (2014 Supplement). "Courts are less concerned with abstract characterizations of the parties and more concerned with whether the rights of the parties can be fairly adjudicated". Minute Man Anchors, Inc. v. Oliver techs., Inc., 2005 U.D.Dist. LEXIS 47973 at *35, 2005 WL 1871164 at *15 (W.D.N.C. 2005, quoting E-Z Bowz, LLC v. Prof'l Prod. Research Co., 2003 U.S. Dist LEXIS 15257 at *11, 2003 WL 22064257 ay *3 (S.D.N.Y. 2003), citing Agilent techs., Inc. v. Micromuse, inc., 316 F.Supp.@d 322, 327 n. 3 (E.D. Va. 2004); AMP, Inc. v. Burndy of Midwest, Inc., 340 F.Supp 21 (N.D. Ill. 1971) (other citations omitted). A Fed. R. Civ. P. 19 inquiry entails "pragmatic judgments" that take into account the "particular circumstances of each case". Picciotto v. Cont'l Cas. Co. 512 F.3d 9, 14 (1st cir. 2008, quoting Pujol v. Shearson/ Am. Express, inc., 877 F.2d 132, 134 91st Cir 1989). In doing so, "court[s] should keep in mind the policies that underlie Rule 19, 'including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." Picciotto v. Cont'l Cas.Co., 512 F.3d at 15,

quoting Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982).

### THE DEBTOR RESPECTFULLYY SUBMITS THAT BOTH 1063 REALTY, INC AND 1063 CHARLES, LLC ARE NECESSARY PARTIES AND THEREFORE THE COURT SHOULD DISMISS THE ADVERSARY COMPLAINT AS REQUIRED BY THE APPLICABLE LAW.

A review of the facts underlying the Complaint and first Amended Complaint in this Adversary Proceeding reveal that 1063 Realty, Inc., as the entity that owned the location of the Plaintiff NEAS, is inexorably intertwined with the business of NEAS, including the payment of rent to 1063 Realty, Inc. and with the rights and interests of Debtor Galleshaw and Plaintiff Fraioli which are in dispute in the instant action.

1063 Charles LLC is a necessary party because it is the record title holder of the property located at 1063 Charles Street, North Providence, RI 02904 and the Court can not set determine the rights of the parties as to said property without 1063 Charles, LLC becoming a party.

### CONCLUSION

The Debtor respectfully submits that based upon the foregoing that this Honorable Court should determine that both 1063 Realty, Inc. and 1063 Charles, LLC are necessary and indispensible parties to the proceeding and as a result of the failure to name them as parties the Court must dismiss the Adversary Complaint.

January 19, 2016

> Respectfully Submitted by
> Counsel for the Debtor
>
> /s/ Todd S. Dion
> Todd S. Dion Esq. (#6852)
> 1599 Smith Street
> North Providence, RI 02911
> (401) 965-4131
> toddsdion@msn.com

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATION

I hereby certify that on January 19, 2016, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

*/s/ Todd S. Dion*
Todd S. Dion, Esq.