# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE:      Gerald R. Galleshaw | : | |
|            Debtor | : | |
| | : | |
| DAVID C. FRAIOLI and NEW | : | |
| ENGLAND AUTO CENTER, INC. | : | |
|      Plaintiffs/Counterclaim Defendants | : | CASE NO: 15-11047 |
| | : | |
| V. | : | |
| | : | CHAPTER 7 |
| | : | |
| GERALD R. GALLESHAW, | : | ADV. PRO. NO.: 15-01023 |
|      Defendant/ Counterclaim Plaintiff | : | |

## PLAINTIFFS/COUNTERCLAIM DEFENDANTS, DAVID C. FRAIOLI AND NEW ENGLAND AUTO CENTER, INC'S ANSWER TO COUNTERCLAIM

Plaintiffs/Counterclaim Defendants, David C. Fraioli ("Fraioli") and New England Auto Center, Inc. ("NEAC") (Fraioli and NEAC are at times collectively referred to as "Plaintiff") hereby answers the Defendant/Counterclaim Plaintiff, Gerald R. Galleshaw's ("Galleshaw") Counterclaim in the above action as follows:

1. Plaintiff admits the allegations contained in paragraph 1 of Galleshaw's Counterclaim with respect to Fraioli and denies the remaining allegations.

2. Plaintiff admits the allegations contained in paragraph 2 of Galleshaw's Counterclaim with respect to the parties being employees and denies the remaining allegations.

3. The allegations in paragraph 3 consist of conclusions of law to which no response is required.

4. Plaintiff denies the allegations contained in paragraph 4 of Galleshaw's Counterclaim.

5. Plaintiff denies the allegations contained in paragraph 5 of Galleshaw's Counterclaim.

6. Plaintiff neither admits nor denies the allegations contained in paragraph 6 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

7.     Plaintiff denies the allegations contained in paragraph 7 of Galleshaw's Counterclaim.

8.     Plaintiff denies the allegations contained in paragraph 8 of Galleshaw's Counterclaim.

9.     Plaintiff neither admits nor denies the allegations contained in paragraph 9 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

10.    Plaintiff denies the allegations contained in paragraph 10 of Galleshaw's Counterclaim.

11.    Plaintiff denies the allegations contained in paragraph 11 of Galleshaw's Counterclaim.

12.    Plaintiff denies the allegations contained in paragraph 12 of Galleshaw's Counterclaim.

13.    Plaintiff denies the allegations contained in paragraph 13 of Galleshaw's Counterclaim.

14.    The allegations in paragraph 14 consist of conclusions of law to which no response is required.  To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 14 of Galleshaw's Counterclaim.

15.    The allegations in paragraph 15 consist of conclusions of law to which no response is required.  To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 15 of Galleshaw's Counterclaim.

16.    The allegations in paragraph 16 consist of conclusions of law to which no response is required.  To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 16 of Galleshaw's Counterclaim.

17.    The allegations in paragraph 17 consist of conclusions of law to which no response is required.  To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 17 of Galleshaw's Counterclaim.

18.    The allegations in paragraph 18 consist of conclusions of law to which no response is required.  To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 18 of Galleshaw's Counterclaim.

## COUNT I
### (Breach of Contract)

19.    No responsive answer is required.

20. Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

21. The allegations in paragraph 21 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 21 of Galleshaw's Counterclaim.

22. The allegations in paragraph 22 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 22 of Galleshaw's Counterclaim.

## COUNT II
(Tortious Interference with Advantageous Relationships)

23. No responsive answer is required.

24. Plaintiff denies the allegations contained in paragraph 24 of Galleshaw's Counterclaim.

25. Plaintiff denies the allegations contained in paragraph 25 of Galleshaw's Counterclaim.

26. Plaintiff denies the allegations contained in paragraph 26 of Galleshaw's Counterclaim.

## COUNT II *(Double Count II)*
(Request for Mandatory Injunctive Relief)

27. No responsive answer is required.

28. Plaintiff denies the allegations contained in paragraph 28 of Galleshaw's Counterclaim.

## COUNT IV
(Demand for Accounting)

29. No responsive answer is required.

## COUNT V
(Breach of Fiduciary Duties and Oppression of Minority Shareholder's Rights)

30. No responsive answer is required.

31. The allegations in paragraph 31 consist of conclusions of law to which no response is required.

32. Plaintiff denies the allegations contained in paragraph 32 of Galleshaw's Counterclaim.

33. Plaintiff denies the allegations contained in paragraph 33 of Galleshaw's Counterclaim.

34. Plaintiff denies the allegations contained in paragraph 34 of Galleshaw's Counterclaim.

35. Plaintiff denies the allegations contained in paragraph 35 of Galleshaw's Counterclaim.

36. The allegations in paragraph 36 consist of conclusions of law to which no response is required.

37. Plaintiff denies the allegations contained in paragraph 37 of Galleshaw's Counterclaim.

## COUNT VI
(Demand for Reimbursements for Corporate Expenses and Obligations)

38. No responsive answer is required.

39. Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

40. Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

41. Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

42. Plaintiff denies the allegations contained in paragraph 42 of Galleshaw's Counterclaim.

43. The allegations in paragraph 43 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 43 of Galleshaw's Counterclaim.

44. Plaintiff denies the allegations contained in paragraph 44 of Galleshaw's Counterclaim.

## COUNT VII
### (Request for Additional Equitable Relief)

45. No responsive answer is required.

46. The allegations in paragraph 46 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 46 of Galleshaw's Counterclaim.

47. The allegations in paragraph 47 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 47 of Galleshaw's Counterclaim.

## COUNT VIII
### (Prayer for Declaratory Judgment and Other Equitable Relief)

48. No responsive answer is required.

49. The allegations in paragraph 49 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 49 of Galleshaw's Counterclaim.

50. Plaintiff denies the allegations contained in paragraph 50 of Galleshaw's Counterclaim.

51. Plaintiff admits the allegations contained in paragraph 51 of Galleshaw's Counterclaim with respect to 1063 Realty, Inc. is a Rhode Island Corporation and denies the remaining allegations.

52. Plaintiff neither admits nor denies the allegations contained in paragraph 52 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

53. The allegations in paragraph 53 consist of conclusions of law to which no response is required.

54. Plaintiff denies the allegations contained in paragraph 54 of Galleshaw's Counterclaim.

55. The allegations in paragraph 55 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 55 of Galleshaw's Counterclaim.

Plaintiffs/Counterclaim Defendants' Answer to Counterclaim
Page 6 of 7

56. The allegations in paragraph 56 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 56 of Galleshaw's Counterclaim.

57. The allegations in paragraph 57 consist of conclusions of law to which no response is required. To the extent these allegations purport to be factual, Plaintiff denies the allegations contained in paragraph 57 of Galleshaw's Counterclaim.

58. The document referenced in paragraph 58 speaks for itself. As such, no responsive answer is required.

59. The documents referenced in paragraph 59 speak for itself. As such, no responsive answer is required.

60. Plaintiff denies the allegations contained in paragraph 60 of Galleshaw's Counterclaim.

61. Plaintiff is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

62. Plaintiff denies the allegations contained in paragraph 62 of Galleshaw's Counterclaim.

63. The document referenced in paragraph 63 speaks for itself. As such, no responsive answer is required.

64. Plaintiff denies the allegations contained in paragraph 64 of Galleshaw's Counterclaim.

65. Plaintiff neither admits nor denies the allegations contained in paragraph 65 of Galleshaw's Counterclaim and leaves Galleshaw to his proof thereof.

66. Plaintiff denies the allegations contained in paragraph 66 of Galleshaw's Counterclaim.

67. The document referenced in paragraph 67 speaks for itself. As such, no responsive answer is required.

68. Plaintiff admits the allegations contained in paragraph 68 of Galleshaw's Counterclaim.

69. Plaintiff denies the allegations contained in paragraph 69 of Galleshaw's Counterclaim.

70.     Plaintiff denies the allegations contained in paragraph 70 of Galleshaw's Counterclaim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, David C. Fraioli and New England Auto Center, Inc. pray for Judgment in their favor dismissing the Counterclaim and for costs and attorneys' fees as allowable by law in this action.

>David C. Fraioli and
>New England Auto Center, Inc.
>By its Attorneys,
>
> /s/ Ryanna T. Capalbo
>Andrew R. Bilodeau, Esq. #7174
>Ryanna T .Capalbo, Esq. #8314
>Bilodeau Carden Capalbo, LLC
>51 Jefferson Blvd, Suite 2
>Warwick, RI  02888
>(401) 461-7700
>(401) 633-7511
>Email: rcapalbo@bilodeaucarden.com
>Dated: May 2, 2016

## CERTIFICATION

I hereby certify that on the 2nd day of May, 2016, I electronically filed a true and accurate copy of the within document to be sent via electronic means with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System and via email to the following:

Todd Dion, Esq.
Law Office of Todd S. Dion
1599 Smith Street
 North Providence, RI 02911

>/s/ Ryanna T. Capalbo, Esq.
>Ryanna T. Capalbo, Esq., #8314