**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE:   Gerald R. Galleshaw | : | |
|          Debtor | : | |
| | : | |
| DAVID C. FRAIOLI and NEW | : | |
| ENGLAND AUTO CENTER, INC. | : | |
|    Plaintiffs/Counterclaim Defendants, | : | CASE NO:  15-11047 |
| | : | |
| V. | : | |
| | : | CHAPTER 7 |
| | : | |
| GERALD R. GALLESHAW, | : | ADV. PRO. NO.: 15-01023 |
|    Defendant/Counterclaim Plaintiff. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANTS' OBJECTION TO APPLICATION FOR ENTRY OF DEFAULT AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Now comes Plaintiffs/Counterclaim Defendants, David C. Fraioli ("Fraioli") and New England Auto Center, Inc. ("NEAC") (collectively at times hereinafter "Plaintiff"), by its counsel, hereby submits the within Memorandum of Law in Support of Plaintiffs' Objection to Defendant/Counterclaim Plaintiff, Gerald R. Galleshaw's ("Galleshaw") Application to Clerk for Entry of Default and Motion for Entry of Default Judgment.

### I.   Background

NEAC is an automobile repair business in which Fraioli was a 51% shareholder and Defendant was a 49% shareholder. NEAC operated its business in a commercial space located at 1063 Charles Street, North Providence, Rhode Island, which it leased from the owner of the building, which was 1063 Realty, Inc. ("1063 Realty") (Both the real estate and the improvements thereon are hereinafter referred to as the "Premises"). 1063 Realty was a real estate holding company in which Fraioli and Defendant were each 50% shareholders. The

Case 1:15-ap-01023   Doc 81   Filed 05/26/16   Entered 05/26/16 15:55:45   Desc Main
Document   Page 2 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 2 of 10

books, assets, and debts of 1063 Realty were entirely separate from those of NEAC. NEAC paid rent, and 1063 Realty used that rent to pay the mortgage, taxes, and other real estate obligations, and either retained or distributed the balance thereafter. When the property was initially purchased by 1063 Realty in 2002, it gave a purchase money mortgage to RBS Citizens, N.A. ("Citizens").

Throughout 2002 and 2006, Galleshaw was embezzling funds and making unauthorized personal expenditures and distributions solely for his own benefit from the income and assets of NEAC, to the detriment of both NEAC and the only other shareholder of NEAC, Fraioli. In fact, Defendant has conceded to the misuse and/or misappropriation of NEAC funds in the amount of $23,897.83. Pursuant to Fraioli's authority under the NEAC By-laws, Fraioli terminated Defendant's employment at NEAC. As result of Defendant's actions and/or misconduct, in 2006, Plaintiffs filed suit in the Rhode Island Superior Court for recovery of the misappropriated funds and resulting damages therefrom.

Sometime in 2012, Citizens foreclosed the mortgage on the Premises. 1063 Charles, LLC ("1063 Charles"), a separate and legally distinct entity, was the high bidder and purchased the Premises at the foreclosure sale. Fraioli is the sole shareholder of 1063 Charles and capitalized that entity from his own resources, without equity of either NEAC or 1063 Realty, without leveraging any assets owned by either of those entities.

Defendant filed for relief under the U.S. Bankruptcy Code two (2) days prior to the hearing date for Plaintiffs' Motion for Entry of Judgment in the Superior Court. Defendant listed a 49% shareholder interest in NEAC as well as a 49% interest in "Corporate Owned Equipment". He did not list any interest in 1063 Realty, Inc. on his Bankruptcy Petition.

Case 1:15-ap-01023   Doc 81   Filed 05/26/16   Entered 05/26/16 15:55:45   Desc Main
Document      Page 3 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 3 of 10

Plaintiffs', in its Adversary Complaint, seek to prevent the discharge of the indebtedness owed by Galleshaw to Plaintiffs on the basis of fraud and misappropriation of NEAC funds.

## II. Standard of Law

"Rule 7055 of the Federal Rules of Bankruptcy Procedure governs defaults. It applies Rule 55 of the Federal Rules of Civil Procedure in adversary proceedings such as this one. Rule 55 distinguishes between an "entry of default" and "judgment by default." *Blyakherov v. DePalma* (in re DePalma), 2012 Bankr. LEXIS 6210, 3 (quoting Lowe v. McGraw-Hill Cos., Inc., 361 F.3d F.3d 335, 339 (7th Cir. 2004). "It sets forth a two-step process for a movant: proof of a default and then justification for a judgment by default." *Blyakherov* at 3-4 (quoting In re Catt, 368 F.3d 789, 793 (7th Cir. 2004).

"The court's entry of a judgment by default is discretionary." *Blyakherov v. DePalma* (in re DePalma), 2012 Bankr. LEXIS 6210, 5 (quoting *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir.)). It may be denied when the facts are insufficient to support the claim in the complaint. *Blyakherov* at 5 (quoting *Morrison v. Mergen* (In re Mergan, 473 B.R. 743, 744 (Bankr. W.D. Wis. 212).

## III. Analysis

This Court should not enter Default and/or Default Judgment against Plaintiff as Plaintiff can clearly demonstrate that it had good cause for its delay in answering Galleshaw's Counterclaim. Further, the facts as alleged in Galleshaw's Counterclaim are insufficient to prove a prima facie case that would warrant entry of default judgment.

**A. Default Should Not be Entered Against Plaintiff as Plaintiff has Filed its Answer to Galleshaw's Counterclaim and Has Shown Good Cause For Its Delay.**

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main
Document      Page 4 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 4 of 10

     Plaintiffs' are able to demonstrate that an entry of default should not enter against Plaintiffs because good cause exists for its delay in answering Galleshaw's Counterclaim. "Rule 55(c) permits the court to set aside an entry of default only 'for good cause.'" *Doble v. Deutsche Bank Nat'l Trust Co. (In re Doble")*, 2011 Bankr. LEXIS 1449. "To determine if good cause exists, courts consider (1) whether the default is the result of the defaulting party's 'culpable conduct;' (2) whether the defaulting party has a 'meritorious defense;' or (3) whether reopening the default would 'prejudice' the innocent party." *Id*. (quoting *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Circ. 2010). The test for good cause is disjunctive, and the defaulting party must prove all three factors favor setting the default aside. *Doble* at 8 (quoting F*ranchise Holding*, 375 F.3d at 926; *Mesle*, 615 F.3d at 1091. "All doubt should be resolved in favor of a trial on the merits. *Id*.

     Although the three factors considered by the court relate to setting aside a default; Plaintiff relies on said factors in proving that good cause exists to deny Galleshaw's Application for Entry of Default. Plaintiffs' conduct is not culpable as the delay in answering Galleshaw's Counterclaim was unintentional, an isolated negligence amounting to excusable neglect. Initially, Galleshaw did not file a counterclaim with his answer. It was not until Galleshaw filed his Answer to Plaintiffs' Amended Complaint that he filed a counterclaim. Thereafter, Galleshaw had filed a Motion to Strike his Amended Answer and Counterclaim and a Motion to Dismiss before filing his Amended Answer and Counterclaims. Plaintiff timely responded to Galleshaw's Motion to Dismiss and any other pleadings that required a response on Plaintiffs' behalf. "A defendant's conduct is culpable if it is consistent with a 'devious, deliberate, willful, or bad faith failure to respond.' Where a defendant's actions are negligent, and not intentional, the defendant is not culpable." *Doble* at 10. Plaintiffs' failure to timely answer was the result of

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main Document    Page 5 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 5 of 10

an isolated unintentional error rather than culpable misconduct. Plaintiffs' conduct does not demonstrate a deliberate, willful and/or bad faith failure to timely respond.

With respect to the other two factors that the court considers when determining if good cause exists( a meritorious defense and prejudice to an innocent party), Plaintiff clearly demonstrates below that Plaintiff has a meritorious defense to each count alleged in Galleshaw's Counterclaim and denying Galleshaw's Application for Default as well as his Motion for Entry of Default Judgment will not prejudice Galleshaw. As such, default should not enter against Plaintiff as Plaintiff has established that good cause exists for its untimely filing of its Answer to Counterclaim.

    **B. Should this Court Enter a Default Against Plaintiff, Default Judgment Should Not Enter as the Facts of the Within Matter Are Insufficient to Support the Claims alleged in Galleshaw's Counterclaim.**

"The law does not favor default judgments." *Groff v. JP Morgan Chase Bank N.A.* (In re Goff), 2011 Bankr. LEXIS 4816, 2. As mentioned above, an entry of a default judgment is discretionary and should be denied when the facts are insufficient to support the claim indicated in the complaint. *Blyakherov* at 5. "[A] motion for default just also must demonstrate that the allegations of the underlying complaint prove a prima facie case for a valid cause of action and establish the defendant's liability as a matter of law." *Id.* Further, "a defendant's failure to respond does not automatically entitle a plaintiff to entry of a default judgment." *Target Nat'l Bank v. Redmond* (In re Redmond), 399 B.R. 628; 2008 Bankr. LEXIS 3634, 632 (quoting *Capital One Bank v. Bungert* (In re Bungert), 315 B.R. 735, 736 (Bankr. E.D. Wis. 2004).

Courts have wide discretion in deciding whether to enter a default judgment. *Alden v. Wolkowitz* (In re Houng), 2011 Bankr, LEXIS 4801,17 (quoting *Wells Fargo Bank v. Beltran* (In

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main
Document      Page 6 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 6 of 10

re Beltran), 182 B.R. 820, 823 (9th Cir. BAP 1995). Factors a court may consider in exercising its discretion include: (1) the possibility of prejudice to the plaintiff, (2) the merits of Plaintiff's substantive claim, (3) the sufficiency of the compliant, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

Here, Galleshaw will not be subjected to any potential prejudice should this court deny his Motion for Entry of Default Judgment. Galleshaw has been on notice of the nature of Plaintiff's claims for ten (10) years now as Plaintiff filed a Complaint in the Rhode Island Superior Court in 2006 seeking the same relief and alleging the same claims as in Plaintiffs' Complaint in this action. As such, Galleshaw will not suffer any prejudice from the slight delay in Plaintiff answering Galleshaw's Counterclaim. Similarly, in *Cohen v. Kallok* (In re JRA 222, Inc.), the court found that the Trustee had been on notice of the debtor's opposition and nature of her defense for more than three (3) years and that it is difficult to envision that the Trustee had suffered any prejudice from the debtor's delay in formally appearing in the adversary proceeding. 365 B.R. 508, 515. As such, the court denied Trustee's Motion for Default Judgment citing that "[t]he lack of prejudice to the Trustee combined with the policy favoring decisions on the merits render it appropriate to grant [the debtor] relief under Rule 55(c) and to treat her response as an answer to the Complaint." *Id*. Here, the minor delay in Plaintiff answering the Counterclaim has not held up the proceedings of this case and will not hinder Galleshaw's case going forward. Further, as in Cohen, this Court does favor default judgments and when in doubt, the matter should be resolved in favor of a trial on the merits of the case rather than disposing of the matter as a result of a default judgment.

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main
Document    Page 7 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 7 of 10

Furthermore, not only is Plaintiff able to demonstrate that the allegations of Galleshaw's counterclaim do not prove a prima facie case for a valid cause of action and further do not establish Plaintiff's liability as a matter of law, there is more than a possibility, but rather a certainty of a dispute concerning material facts.  Galleshaw alleges in his Counterclaim the following counts:  (i) breach of contract, (ii) tortious interference with advantageous relationship, (iii) request for mandatory injunctive relief, (iv) demand for accounting, (v) breach of fiduciary duties and oppression of minority shareholder's rights, (vi) demand for reimbursement for corporate expenses and obligations, (vii) request for additional equitable relief, and (viii) prayer for declaratory judgment and other equitable relief. The above seven (7) counts have never been alleged in the ten (10) years of the pending litigation in the Superior Court until a few months ago in this matter.

Galleshaw's allegations of Breach of Contract and Tortious interference with Advantageous Relationship, Counts I and II in Galleshaw's Counterclaim, are both unwarranted and unsupported.  Any agreement, if any, is only good so long as the parties to the agreement are acting with authority in their fiduciary capacity.  Here, Galleshaw breached his fiduciary duty by acts of embezzlement and misappropriation of funds belonging to NEAC and using those funds for his own personal benefit.  In fact, Galleshaw has conceded to a portion of the monies that were misappropriated.  Galleshaw has not demonstrated any evidence that Fraioli has breached any agreement.  Further, any agreement, if any that could have been in existence would be null and void as a result of Galleshaw's actions and termination of employment.  As for Galleshaw's allegations that Fraioli wrongfully interred with Galleshaw's beneficial business relationship with NEAC, Galleshaw simply makes an allegation without any facts or evidence to support his claim.  Galleshaw's relationship with NEAC ended the minute that he began misappropriating

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main
Document      Page 8 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 8 of 10

NEAC funds and using them for his own benefit. Thereafter, any business relationship that Galleshaw may have had with NEAC was terminated upon his termination with NEAC.

With respect to Counts III and IV of Galleshaw's Counterclaim, Request for Mandatory Injunctive Relief and Demand for Accounting, respectively, Galleshaw was privy to the financial records of NEAC as he provided said information to Plaintiff as part of the record request that he turned over to Plaintiff under a subpoena in the Superior Court action. Furthermore, Count IV is not an actual claim as Galleshaw fails to set forth any facts or conclusions of law. With respect to Count V, Breach of Fiduciary Duties and Oppression of Minority Shareholder's Rights, Fraioli did not breach any fiduciary duties as the By-Laws of NEAC provides the officers the authority to manage the business and affairs of NEAC, the authority to remove employees and agents and the authority to fix the officers, employees and/or agents' compensation. Galleshaw's actions warranted adequate cause for Fraioli to terminate Galleshaw's employment. As such, Galleshaw's request for $318,600.00 in compensation for 531 weeks is absurd and unjustified. How one can justify that that misappropriation of almost $100,000 of corporate funds does not amount to adequate case of removal of an officer is absolutely ludicrous.

Furthermore, coincidentally, Galleshaw is being sued for misappropriation of corporate funds, whereby the litigation in the Superior Court has been pending for the past ten (10) years; however, he now, 10 years later raises a defense (Count VI of Counterclaim) that he should be reimbursed for payments that he made out of his personal funds on behalf of NEAC. However, until the filing of his counterclaim, Galleshaw has not asserted such a defense as an attempt to offset the prayer for relief that Plaintiff is seeking in the Superior Court action. Again, Galleshaw claims he made said payments; however, there is no evidence of these alleged payments. As for Count VIII – Prayer for Declaratory Judgment and Other Equitable Relief, this

Case 1:15-ap-01023   Doc 81   Filed 05/26/16   Entered 05/26/16 15:55:45   Desc Main
Document   Page 9 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 9 of 10

is a moot issue as this Court already ruled on Galleshaw's Motion to Dismiss for Failure to add a third party, 1063 Realty, Inc.

Lastly, Rule 5 F.R.Civ.P governing serving and filing pleadings applies in adversary proceedings. Under Rule 5(a)(1)(b), "[u]nless these rules provide otherwise, each of the following papers must be served on every party: . . . (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants." Galleshaw's Answer to First Amended Complaint and Counterclaims filed on January 19, 2016 does not indicate a certificate of service. Without a certificate of service, there is no proof that the pleading was ever served. While this may not be a game changer, it is an important fact to take into consideration because without the electronic filing system, there would be no proof that the Answer and Counterclaim were ever served upon Plaintiff. However, even with the electronic filing system in place, any paper after the complaint that is required to be served, must contain a certificate of service. Rule 5 F.R.Civ.P.

For the foregoing arguments, this court should find that a default judgment is not warranted under the facts and circumstances of this matter.

### IV.   Conclusion

Wherefore, Plaintiff respectfully requests that this Court deny Defendant/Counterclaim Plaintiff, Gerald Galleshaw's, Application to Clerk for Entry of Default and Motion for Entry of Default Judgment.

Case 1:15-ap-01023    Doc 81    Filed 05/26/16    Entered 05/26/16 15:55:45    Desc Main
Document      Page 10 of 10

David Fraioli, et al. v. Gerald Galleshaw
Memorandum in Support of Objection to Entry of Default and Default Judgment
Page 10 of 10

        David C. Fraioli and
        New England Auto Center, Inc.

        By its Attorneys,

        /s/ Ryanna T. Capalbo, Esq
        Andrew R. Bilodeau, Esq. #7174
        Ryanna T. Capalbo, Esq. #8314
        Bilodeau Capalbo, LLC
        51 Jefferson Blvd, Suite 2
        Warwick, RI 02888
        Tel: 401.461.7700
        Fax: 401.633.7511

Dated: May 26, 2016

## CERTIFICATION

I hereby certify that on the 26th day of May, 2016, I electronically filed a true and accurate copy of the within document to be sent via electronic means with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System and via email to the following:

Todd Dion, Esq.
Law Office of Todd S. Dion
1599 Smith Street
North Providence, RI 02911

        /s/ Ryanna T. Capalbo, Esq.
        Ryanna T. Capalbo, Esq., #8314